An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID MICHAEL COTNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60429

FILED

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit removal, damage, or destruction of certain property to obtain scrap metal; removal, damage, or destruction of certain property to obtain scrap metal; and possession of burglary tools. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

First, appellant argues that the district court erred by denying his motion for a mistrial based on lack of notice of expert witness testimony. Appellant contends that a police officer testified as an expert witness when the officer opined that copper wire theft usually involves two people and that the common technique for stealing wire from light poles involves taking the covers off each pole before going back to pull the copper wire from the poles. We have held that the "admissibility and competency of opinion testimony, either expert or non-expert, is largely discretionary with the trial court." *Watson v. State*, 94 Nev. 261, 264, 578 P.2d 753, 756 (1978). NRS 50.265 limits opinion or inference testimony of non-expert witnesses to that which is "[r]ationally based on the perception of the witness," and "[h]elpful to a clear understanding of the testimony of the witness or the determination of a fact in issue." Here, the police officer

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14206

did not testify as an expert. Rather, the officer's opinion was based on his own personal observations and investigations in cases involving copper wire theft. While appellant contends that the officer relied on "10 to 12 reports" in forming his opinion, the record reflects that the officer testified that he had been personally involved in "10 or 12 cases." Thus, the district court did not abuse its discretion in finding that the officer did not testify as an expert and that a mistrial was not warranted.

Second, appellant argues that the district court erred by denying his motion for a mistrial based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant contends that the State violated *Brady* by failing to disclose that police officers found wire in appellant's pocket at the time of his arrest. We conclude that the district court did not err in finding that a mistrial was not warranted because evidence of the wire was not favorable to the defense, and the prosecution as a general rule does not have a duty to disclose inculpatory evidence to the defense. *Mazzan v. Warden*, 116 Nev. 48, 66-67, 993 P.2d 25, 36-37 (2000); *Furbay v. State*, 116 Nev. 481, 487, 998 P.2d 553, 557 (2000). Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk